UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| APRIL M. MURRELL and GARY D. MURRELL, JR., | Civil No. 09-757 (JRT/JJK) |
| Plaintiffs, | |
| v. | |
| ZIMMER, INC.; ZIMMER HOLDINGS, INC.; JAMES LEE SORENSON, as successor in interest to Sorenson Development, Inc.; SDI RESIDUAL ASSETS LLC, as successor in interest to Sorenson Development, Inc.; SORENSON MEDICAL PRODUCTS INC., as successors in interest to Sorenson Medical, Inc.; SMI LIQUIDATING, INC.; and SDI LIQUIDATING CORPORATION, | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS** |
| Defendants. | |

Heather A. Brann, Leslie W. O'Leary, Michael L. Williams, and Thomas B. Powers, **WILLIAMS LOVE O'LEARY & POWERS, PC**, 9755 Southwest Barnes Road, Suite 450, Portland, OR 97225-6681; Yvonne M. Flaherty, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179; E. Frank Woodson, **BEASLEY ALLEN CROW METHVIN PORTIS & MILES, PC**, P.O. Box 4160, Montgomery, AL 36103-4160; and Laura B. Kalur, **KALUR LAW OFFICE**, 9755 Southwest Barnes Road, Suite 450, Portland, OR 97225-6681, for plaintiffs.

Kelly W. Hoversten, **GRAY PLANT MOOTY MOOTY & BENNETT, PA**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402; and Grant M. Reeves and Thomas G. Stayton, **BAKER & DANIELS LLP**, 300 North Meridian Street, Suite 2700, Indianapolis, IN 46204, for defendants Zimmer, Inc. and Zimmer Holding, Inc.

James L. Haigh and Robyn K. Johnson, **COUSINEAU MCGUIRE CHARTERED**, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416-5318; and Kimberly Fleming, **KIMBERLY FLEMING LAW OFFICE**, 7614 York Avenue South, Suite 3119, Edina, MN 55435, for defendants James Lee Sorenson, Sorenson Medical Products Inc, SMI Liquidating, Inc., and SDI Liquidating Corporation.

Robyn K. Johnson and James L. Haigh, **COUSINEAU MCGUIRE CHARTERED**, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416-5318; and Brian D. Goldwasser, **REMINGER CO., LPA**, 525 Vine Street, Suite 1700, Cincinnati, OH 45202, for defendant SDI Residual Assets LLC.

Plaintiffs April M. Murrell ("Murrell") and her husband Gary D. Murrell, Jr. (collectively, "plaintiffs") filed this products liability complaint against the named defendants on April 2, 2009, after Murrell's surgeon implanted a pain pump in her shoulder joint. Plaintiffs allege that the pain pump, through direct administration of pain medication to her shoulder, caused Murrell substantial and permanent injury.[1] Plaintiffs allege that defendants Zimmer, Inc. and Zimmer Holdings, Inc. (collectively, "Zimmer") marketed and distributed the pain pump. Plaintiffs allege that James Lee Sorenson, SDI Residual Assets LLC, Sorenson Development, Inc., SDI Liquidating Corporation, Sorenson Medical Products, Inc., Sorenson Medical, Inc., and SMI Liquidating, Inc. (collectively, "Sorenson") are liable either directly or as successors in interest for designing and manufacturing the pain pump. The case is before the Court on Zimmer's motion to dismiss the strict liability claims against it under the Minnesota Seller's

---

[1] On December 10, 2009, plaintiffs filed an amended complaint adding the manufacturers of the pain medication as defendants. (Am. Compl., Docket No. 88.)

Exception Statute, Minn. Stat. § 544.41.  For the reasons set forth below, the Court denies Zimmer's motion without prejudice.

## BACKGROUND

The complaint alleges that on April 8, 2002, after April Murrell underwent shoulder surgery, Murrell's orthopedic surgeon implanted a "pain pump" into Murrell's shoulder.  (Am. Compl. ¶¶ 1, 5, Docket No. 88.)  Defendant Sorenson designed and manufactured the pain pump, and defendant Zimmer distributed and marketed the pain pump.  (*Id.* ¶ 5.)  For up to 72 hours following Murrell's surgery, the pain pump injected pain medication directly into Murrell's shoulder on a continuous basis.  (*Id.* ¶ 5.)  Murrell alleges that as a consequence of the pain pump's delivery of medication directly into her shoulder joint, "she suffered a narrowing of the joint space and/or a condition called 'chondrolyosis,' which is a complete or nearly complete loss of cartilage in the shoulder joint, an irreversible, disabling, and extremely painful condition."  (*Id.* ¶ 16.)

Based on those factual allegations, Murrell and her husband, Gary D. Murrell, Jr., brought this products liability action against defendants alleging claims for strict liability, negligence, and loss of consortium.  (*Id.* ¶¶ 19-33.)  Zimmer now moves to dismiss the strict liability claims against it pursuant to Minnesota Statute § 544.41 and Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 31.)

**I.     THE MINNESOTA SELLER'S EXCEPTION STATUTE**

Zimmer filed this motion to dismiss the strict liability claims against it under Minnesota Statute § 544.41, which is commonly referred to as the Minnesota Seller's Exception Statute.  With its motion, Zimmer submitted an affidavit from Joan Bennett, a

Brand Manager for Zimmer's Pain Management product line, in which Bennett certified that Sorenson Medical, Inc. manufactured the pain pump at issue in Murrell's case. (Bennett Aff. ¶ 4, Docket No. 32.)

### A. The Minnesota Seller's Exception Statute

"Under Minnesota law, non-manufacturers are generally not held strictly liable for the sale of defective products." *Finke v. Hunter's View, Ltd.*, 596 F. Supp. 2d 1254, 1270 (D. Minn. 2009). The Seller's Exception Statute "tempers the harsh effect of strict liability as it applies to passive sellers, while ensuring that a person injured by a defective product can recover from a viable source." *In re Shigellosis Litig.*, 647 N.W.2d 1, 6 (Minn. Ct. App. 2002)

Minnesota Statute § 544.41 authorizes a court to dismiss strict liability claims against a seller or distributor of a defective product upon the non-manufacturer's submission of an affidavit certifying the correct identity of the manufacturer of the allegedly defective product, provided the plaintiff has filed a complaint against that manufacturer. Minn. Stat. § 544.41 subds. 1-2; *In re Shigellosis*, 647 N.W.2d at 6. "Once the plaintiff has filed a complaint against a manufacturer and the manufacturer has or is required to have answered . . . the court shall order the dismissal of a strict liability in tort claim against the certifying defendant, provided the certifying defendant is not within the categories set forth in subdivision 3." Minn. Stat. § 544.41 subd. 2. Subdivision 3 provides that the Court shall not dismiss a certifying defendant

> where the plaintiff can show . . .
>
> (a) that the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or

> warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage;
>
> (b) that the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or
>
> (c) that the defendant created the defect in the product which caused the injury, death or damage.

*Id.* subd. 3.

If the plaintiff cannot produce evidence showing one of the circumstances outlined in subdivision 3, the Court shall dismiss the strict liability claims against the certifying defendant. *Id.* subd. 2. The plaintiff may move to vacate the order of dismissal and reinstate the defendant,

> provided plaintiff can show . . . that the manufacturer no longer exists, [or] cannot be subject to the jurisdiction of the courts of this state . . . ; that the manufacturer is unable to satisfy any judgment as determined by the court; or . . . that the court determines that the manufacturer would be unable to satisfy a reasonable settlement or other agreement with plaintiff.

*Id.* subd. 2(c)-(e).

Plaintiffs have the burden of demonstrating that the circumstances under subdivisions 2 and 3 are satisfied. *Id.* subds. 2-3.

### B. Service on the Manufacturer

Zimmer satisfied the statute's initial requirement by filing with the Court an affidavit certifying that Sorenson Medical, Inc. manufactured the Murrell's pain pump.[2] (Bennett Aff. ¶ 4, Docket No. 32); *see* Minn. Stat. § 544.41 subd. 1.

---

[2] Plaintiffs argue that the motion should be converted to a motion for summary judgment because Zimmer submitted the Bennett affidavit, which contains facts outside the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
(Footnote continued on next page.)

However, before the Court may issue an order dismissing strict liability claims against a non-manufacturer, "[t]he plain language of the seller's-exception statute requires that the identified manufacturer **be served with process**." *In re Shigellosis*, 647 N.W.2d at 7. Plaintiffs argue that Sorenson Medical, Inc., the manufacturer of the pain pump, "no longer exists as a manufacturer," "is an empty corporate shell which has had its assets plundered," and "only exists through its successors in interest." (Pls.' Mem. in Opp'n to Mot. to Dismiss at 3-4, Docket No. 42 (citing Compl. ¶¶ 8-9, Docket No. 1).) As a result, plaintiffs contend that the manufacturer has not been served with process and has not responded or had an obligation to respond, and accordingly that the subdivision 2 requirements have not been satisfied.

The record does not reflect that Sorenson Medical, Inc. has been served with process. Plaintiffs' mere allegation that SMI Liquidating, Inc. is the successor in interest to Sorenson Medical, Inc, and the fact that SMI Liquidating, Inc. has been served and has responded, is insufficient to satisfy that requirement. Further, at the hearing on these motions, Sorenson's counsel disputed plaintiffs' allegations regarding the relationships between the Sorenson defendants and disputed that any of the named defendants were alter egos for another or were "sham" corporations. In these circumstances, the Court cannot conclude that Sorenson Medical, Inc. – the party plaintiffs allege is the

---

(Footnote continued.)

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Courts addressing the Minnesota Seller's Exception statute hold that "[a] motion to dismiss under [the statute] is comparable to a rule 12(b) motion to dismiss for failure to state a cause of action." *In re Shigellosis*, 647 N.W.2d at 7. Subdivision 1's certification-by-affidavit requirement does not require that the Court convert the motion to dismiss into a summary judgment motion.

manufacturer and the party Zimmer certifies is the manufacturer – has been served with process.

### C. The Motion to Dismiss Is Premature.

Plaintiffs also argue that they have not yet been able to conduct discovery to determine whether Zimmer was involved in the design of the pain pump or had actual knowledge of the defect in the pain pump. (Pls.' Mem. in Opp'n to Mot. to Dismiss at 5, Docket No. 42.) As a consequence, plaintiffs argue that they have not had the opportunity to develop a factual record demonstrating that dismissal may not be appropriate under subdivision 3.[3]

The Court agrees. The Seller's Exception Statute places on the plaintiff the burden of establishing exceptions to dismissal under subdivision 3 and reinstatement requirements under subdivision 2. Zimmer's motion to dismiss prior to the commencement of discovery, which could produce evidence establishing that subdivision 3's exceptions apply, creates an unfair burden on plaintiffs. Moreover, granting the motion as this stage may defeat the purpose of the Seller's Exception Statute. Zimmer conceded at the hearing that if the Court dismisses the strict liability claims against Zimmer now, plaintiffs likely have no statutory avenue to request reinstatement of those claims if plaintiffs (a) can later demonstrate that one of the subdivision 3 exceptions applies, but (b) are unable to demonstrate that the subdivision 2 requirements could be

---

[3] Notably, the two primary cases discussed by the parties, *In re Shigellosis*, 647 N.W.2d 1, and *Finke*, 596 F. Supp. 2d 1254, addressed motions to dismiss by allegedly passive sellers at the summary judgment stage **after** the parties developed the factual record.

met.  Dismissal could therefore allow a non-passive seller to escape liability under the Seller's Exception Statute.  *Cf. In re Shigellosis*, 647 N.W.2d at 6.

Importantly, Zimmer will not be unfairly prejudiced if the Court denies the motion with leave to renew: plaintiffs allege negligence claims against Zimmer, and Zimmer will remain in the case regardless of the Court's disposition of the motion to dismiss.

Accordingly, the Court denies without prejudice Zimmer's motion to dismiss the strict liability claims against it under the Minnesota Seller's Exception Statute.  Zimmer may renew its motion after discovery commences and plaintiffs have had the opportunity to meet their burdens under the statute.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants Zimmer, Inc. and Zimmer Holdings, Inc.'s Motion to Dismiss plaintiffs' strict liability claims [Docket No. 31] is **DENIED without prejudice.**

DATED:  March 18, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge